WILLIAMS v. COLLINS ET AL.

1. **Fraudulent Conveyance**: NO RECOVERY BY GRANTOR OF GRANTEE: WHEN THE RULE DOES NOT APPLY. When one conveys his property to another with the purpose of hindering or defrauding his creditors, he will not be allowed to recover the property or its value from his grantee; but where the grantor was a young and ignorant man, and was induced by his uncle, who had been his advisor, to convey the property to him, in order to avoid being ruined by suits, which the uncle falsely represented that the young man's brothers and sisters were about to institute against him in order to deprive him of the inheritance which he had received from his father, *held* that the rule did not apply, and that judgment was properly rendered against the uncle in favor of his grantor for the damages suffered by reason of the fraud,—he having disposed of the property to an innocent purchaser.

2. **Innocent Purchaser**: OF LAND FROM ONE HOLDING TITLE BY FRAUD: JUDGMENT AFFECTING UNPAID PURCHASE MONEY. W. by fraud procured the legal title to plaintiff's land and sold it to C., who had no knowledge of the fraud. In an action by plaintiff against W. and C., *held* that the court properly rendered judgment against W. for

the damages which plaintiff had suffered by reason of the fraud, and properly required W. to surrender to plaintiff the unpaid notes and mortgage given by C. for purchase money,—the amount thereof, when paid, to be credited upon the judgment against W., but that it was error to decree that a failure of W. to deliver the securities to plaintiff should work an assignment of the debt to him, and that C. should in any event pay the money to plaintiff. C.'s payment to plaintiff should have been made to depend upon the delivery of the notes to him.

*Appeal from Marion Circuit Court.*

WEDNESDAY, DECEMBER 9.

THIS action involves the title to a farm in Marion county. The plaintiff claims to be the equitable owner of the land, and seeks to quiet his title as against all of the defendants, and to set aside and vacate a conveyance thereof made to the defendant Nathan Collins. There was a decree for the plaintiff in the court below granting part of the relief he demanded, and the defendants appeal.

*J. Kipp & Sons* and *John F. Lacey*, for appellants.

*Stone, Ayers & Co.* and *C. H. Robinson*, for appellee.

ROTHROCK, J.—I. The plaintiff was the owner of a farm which he inherited, in part at least, from his father, who

1. FRAUDU-LENT convey-ance: no re-covery by grantor of grantee: when the rule does not apply.

died when plaintiff was a child some ten or twelve years of age. Soon after plaintiff became twenty-one years old, he sold the farm for about $3,000 in cash. He contracted with one Marion Young for another farm, and paid him $100 in hand, and agreed to pay him $2,900 as soon as the land was conveyed to him, and $800 in two years, to be secured by personal security, or by a mortgage on the farm. When the deed was ready for delivery from Young to the plaintiff, an arrangement was made between the plaintiff and Young and the defendant J. M. Williams, by which the deed from Young to the plaintiff was destroyed, and a deed was made by Young to J. M. Williams. All of the proceeds of the

farm which plaintiff sold were paid over to Young, and the balance was secured by a promissory note executed by the plaintiff and the defendant J. M. Williams. Some time after the land was conveyed to J. M. Williams he sold and conveyed it to the defendant Nathan Collins.

The plaintiff charges that the defendant J. M. Williams procured the title to the land by fraud. It appears that the plaintiff is illiterate and unlearned, and that J. M. Williams, who is his uncle, was the one to whom he looked for advice and assistance in his youth and inexperience, and that Williams took advantage of the confidential relations existing between them, and procured the title to the farm by falsely representing to the plaintiff that the brothers and sisters of the plaintiff's father were about to institute suits claiming an interest in the farm which he inherited from his father, and that they would harass plaintiff and divest him of all his property by such law-suits, and advised him that, to avoid financial ruin, he should allow the land to be conveyed to him, (said J. M. Williams,) and that when said trouble was ended he would convey the land to the plaintiff. The defendant J. M. Williams denied that he made any such representations, and insisted that he purchased the land from the plaintiff in good faith, and that he has paid him the greater part of the purchase money therefor. This is the principal question in the case.

The court found that the claim made by the plaintiff as to the destruction of the deed and conveyance of the land, and the representations by which the conveyance was procured, was sustained by the proof. We think this finding was correct, taking all of the facts and circumstances disclosed in the evidence, and we are well satisfied with the conclusion reached by the circuit court. But the defendants contend strenuously that the transaction is within the familiar rule that, when one conveys his property to another with the purpose of hindering or defrauding his creditors, he will not be allowed to recover the property from his grantee, because the law

will leave him where it finds him, and will not allow him to take advantage of his own wrong or fraud. We think the evidence in this case shows that it is not within this rule, for two reasons. In the first place, it very clearly appears that the plaintiff regarded his uncle as his advisor, and reposed a peculiar trust and confidence in him, and the defendant ought not to be allowed to profit by an advantage gained by the confidential relations which existed between him and the plaintiff. The other reason why the plaintiff should not be allowed to invoke the rule is, that the statements that the brothers and sisters of plaintiff's father were about to assert claims against the estate are shown by the evidence to be without foundation in fact. It clearly appears that there were no creditors to be defrauded by the transaction which is the ground of this action.

II. The court found that the defendant Nathan Collins, when he purchased the land from J. M. Williams, had no
2. INNOCENT purchaser: of land from one holding title by fraud: judgment affecting unpaid purchase money.
notice of the plaintiff's equities, and that at the commencement of this suit he was indebted to J. M. Williams on the purchase money of the land in the sum of $2,200, and interest. Judgment was rendered in favor of the plaintiff and against the defendant J. M. Williams for the sum of $4,230.70, and costs; and he was ordered to surrender to the plaintiff the notes, mortgage, or other security for the purchase money given by Collins to him, and that, upon his failure to make such surrender, the decree should operate as an assignment of the claim for purchase money, and Collins was ordered to pay all of said unpaid purchase money to the plaintiff, and, when paid, the same should be a credit on the judgment rendered against J. M. Williams. The amount of the judgment against J. M. Williams is not excessive. It is fully sustained by the evidence. But we think the decree should be modified as to the defendant Collins. The payment of the amount due on his notes executed to Williams should be made to depend upon the surrender

to the plaintiff by Williams of the notes in question. That part of the decree providing that a failure by Williams to surrender the notes should operate as an assignment of the notes might properly be made, and payment by Collins to plaintiff might have been made absolute, if it had been shown by the evidence that Williams was still the owner of the notes. There is neither averment nor proof on this question. All that appears is that Collins gave certain notes to Williams. It is not shown that Williams was the holder of the notes when the decree was entered. If he was such holder, he was bound to comply with the order of .the court to surrender them to the plaintiff, and the law affords ample means to enforce the order. .

MODIFIED AND AFFIRMED.